**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| ELIZABETH POLING,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of the Social Security Administration,<br><br>Defendant. | CAUSE NO.: 1:25-CV-59-TLS |

## OPINION AND ORDER

This matter is before the Court on a Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 17], filed on October 12, 2026. The Commissioner does not object to the motion. ECF No. 19. For the reasons stated below, the motion is GRANTED.

## BACKGROUND

On March 11, 2019, the Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging disability beginning on March 15, 2018. AR 35, ECF No. 9. After the application was denied, the Plaintiff filed a Complaint in this case, and the Court reversed and remanded for further proceedings. ECF Nos. 1, 13. Ultimately, the Social Security Administration awarded the Plaintiff past-due benefits of $75,249.75, twenty-five percent of which is $18,812.44. *See* Mot. 3, ECF No. 17; Notice of Awards and Backpay Calculations, ECF Nos. 17-5, 17-6, 17-7.

In the instant motion, the Plaintiff's attorney requests an award of attorney fees under 42 U.S.C. § 406(b) in the amount of $9,800.00. Mot. 2. In the retainer agreement, the Plaintiff

agreed to pay counsel twenty-five percent of all past-due benefits for the work in federal court. *See* Fee Agreement, ECF No. 17-1.

**ANALYSIS**

The Plaintiff's counsel requests $9,800.00 in attorney's fees pursuant to 42 U.S.C § 406(b). The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see id.* § 406(b). *Culbertson v. Berryhill*, 586 U.S. 53, 55 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The reasonableness analysis considers the "character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. For this analysis,

> a district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction. To be sure, this list is not meant to be exhaustive. Moreover, the inquiry is case-specific, and it will not produce the same results in every case.

*Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024) (cleaned up). Although an award of EAJA fees under 28 U.S.C. § 2412 offsets an award under § 406(b), *Gisbrecht*, 535 U.S. at 796, in this case there has not been an award of EAJA fees.

Here, the requested amount in attorney's fees is consistent with the contingency agreement. The proposed fee equals an effective hourly attorney rate of approximately $2,882.36 for the total requested § 406(b) fee award of $9,800.00. *See* Ex. B1, ECF No. 17-2 (reflecting 3.4

attorney hours). Such an hourly rate is reasonable given the contingent nature of this case. *See, e.g.*, *Demonja v. O'Malley*, 2:21-CV-305 (N.D. Ind. Apr. 2, 2024) (hourly rate of $4,821.65); *Narug v. Comm'r of Soc. Sec.*, 2:19-CV-490 (N.D. Ind. Aug. 29, 2022) (hourly rate of $2,450.60). In addition, counsel obtained a great benefit for the Plaintiff in the past-due benefits award as well as future benefits. The Court discerns no basis to reduce the amount. *See Arnold*, 106 F.4th at 601.

**CONCLUSION**

For the reasons stated above, the Court hereby GRANTS the Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 17], and AWARDS attorney fees under 42 U.S.C. § 406(b) in the amount of $9,800.00.

SO ORDERED on November 9, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT